| AOC-E-105  Sum Code: CI |  | Case #: **22-CI-00345** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **FAYETTE** |
| Court of Justice  Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **PARSONS, JUSTIN VS. THE LINCOLN NATIONAL LIFE INSURANCE CO**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is THE LINCOLN NATIONAL LIFE INSURANCE CO

The Commonwealth of Kentucky to Defendant:
**THE LINCOLN NATIONAL LIFE INSURANCE CO**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Vincent Riggs*
Fayette Circuit Clerk
Date: **2/10/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title
Summons ID: 430185528894524@00001042169
CIRCUIT: 22-CI-00345 Certified Mail
PARSONS, JUSTIN VS. THE LINCOLN NATIONAL LIFE INSURANCE CO


EXHIBIT
___A___

 

Page 1 of 1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

JUSTIN PARSONS, AS GUARDIAN OF
JAYDEN PARSONS, A MINOR                                          PLAINTIFF

vs.                  **COMPLAINT AND JURY DEMAND**

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY          DEFENDANT

    **To be served through:**
    Corporation Service Company
    421 West Main Street
    Frankfort, KY 40601

** ** ** ** ** ** ** ** ** **

Comes the Plaintiff, Justin Parsons, Guardian of Jayden Parsons, a minor, and for his Complaint against Defendant The Lincoln National Life Insurance Company, states as follows:

1. Justin Parsons and Jayden Parsons, a minor, both reside in Fayette County, Kentucky.

2. Justin Parsons was appointed Guardian of Jayden Parsons by Order of the Fayette District Court on July 12, 2021. A copy of the Order is attached as Exhibit 1.

3. Defendant The Lincoln National Life Insurance Company ("Lincoln") is an insurance company believed to be domiciled in the state of Indiana, with a statutory home office located at 1300 S. Harrison Street, Fort Wayne, Indiana 46802.

4. Lincoln is authorized to transact the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

5. Lincoln's service of process agent is Corporation Service Company, 421 West Main Street, Frankfort, KY 40601, and Lincoln may be served upon said service of process agent.



6. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky; Plaintiff resides in, and was caused harm in, Fayette County, Kentucky; and benefits from the subject insurance policy are due to Plaintiff in Fayette County.

7. Jayden Parsons is the beneficiary of a life and accidental death insurance policy on the life of his mother, Kristen Combs, who died on January 12, 2017.

8. Jayden was a minor at the time of her death and remains a minor.

9. At the time of her death, Kristen Combs was insured under a group insurance policy for life insurance and accidental death and dismemberment insurance, such policy being issued by Defendant to Kristen's employer Breakthrough Charter Schools.

10. The policy provides for accidental death benefits if an insured person sustains an accidental bodily injury and such injury results in the loss of life.

11. Kristen's injury and death on January 12, 2017, meet the policy's provisions for a covered accidental death.

12. No policy exclusions or limitations apply.

13. On July 12, 2021, Plaintiff contacted Defendant with respect to Jayden's claims for life insurance and accidental death insurance benefits.

14. On August 4, 2021, Plaintiff again contacted Defendant with respect to Jayden's claims for life insurance and accidental death insurance benefits.

15. By letter dated August 10, 2021, Defendant denied Plaintiff's claim for accidental death benefits.

16. Defendant's letter denied the claim on the basis of "Limitation number 10" in the policy for "driving a vehicle while intoxicated."

17. On September 27, 2021, Plaintiff submitted a timely appeal of Defendant's decision to deny accidental death benefits, and included additional evidence such as police reports, autopsy reports, and legal analysis.

18. Plaintiff submitted additional information on December 23, 2021, and January 5, 2022, in further support of his appeal, including an expert report from a forensic toxicologist and medical journal articles.

19. By letter dated February 9, 2022, Defendant denied Plaintiff's appeal.

20. In its denial letter, Defendant changed the basis of its denial of the claim. Defendant no longer relied on "Limitation number 10," but for the first time cited to another limitation, which it identified as "voluntary use of drugs."

21. Neither of these exclusions or limitations applies.

22. Defendant's decision to deny accidental death benefits is incorrect, contrary to the facts of the case, and contrary to the terms of its insurance policy.

23. Plaintiff is entitled to payment of accidental death benefits, as Kristen's death meets the terms of the applicable policies, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

24. The life and accidental death insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

25. In the alternative to paragraph 24, if the insurance policy is not subject to ERISA, the claims herein are subject to and governed by state law.

26. Plaintiff has timely and properly exhausted any required administrative remedies and appeals under the policy.

### COUNT I – Claim for Accidental Death Benefits under ERISA

27. Plaintiff incorporates by reference all the preceding paragraphs as if fully stated herein.



28. This count is brought under ERISA pursuant 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of accidental death benefits under the applicable plan(s) and to recover benefits under the terms of the plan(s).

29. Defendant's decision to deny benefits, and its refusal to approve benefits after receiving additional evidence on appeal, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

30. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claims should be reviewed de novo.

31. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

### COUNT II – Breach of Contract Claim for Accidental Death Benefits

32. This count is brought in the alternative to Count I, if it is determined though this litigation that the insurance policy at issue is not governed by ERISA.

33. The subject insurance policy was in full force and effect on the date that Kristen Combs died.

34. Defendant should be required to perform under the policy and to fully pay benefits and interest for accidental death benefits.

35. Defendant has breached its contract of insurance by not fully compensating Plaintiff for covered accidental death benefits.

36. Plaintiff has been damaged by the denial of the claim under the policy.

37. As a result of the Defendant's failure to perform under the contract and its breach, Plaintiff has suffered damages as covered by the policy, as well as consequential damages, all of which are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Under Count I, Judgment against Defendant for full contractual accidental benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees, costs, and interest under 29 U.S.C. § 1132(g) pursuant to ERISA;

Under Count II, Judgment for performance of the contract, breach of contract, and damages including all contractual benefits and consequential damages, with interest as provided by the contract and/or state law;

Prejudgment and postjudgment interest; and

Any other relief that may be appropriate.

Respectfully submitted:

*/s/ Philip G. Fairbanks*
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
**Mehr, Fairbanks & Peterson Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

AOC-854   Doc. Code: OAG & OCON
Rev. 8-02
Page 1 of 1

**Commonwealth of Kentucky**
Court of Justice    www.courts.ky.gov
KRS 387.070, 387.100, 387.175



**ORDER OF APPOINTMENT OF GUARDIAN / CONSERVATOR FOR MINOR**

Case No. 21-P-01001

Court    District Probate

County Fayette

---

**IN RE:** Estate of JAYDEN THOMAS PARSONS _____, a Minor under the age of 18.

ENTERED
ATTEST, VINCENT RIGGS, CLERK
JUL 12 2021
FAYETTE CIRCUIT CLERK
BY _____ DEPUTY

The Court directs this Order to:

Name:       JUSTIN THOMAS PARSONS

Address:    404 LANARKSHIRE PLACE

            LEXINGTON, KY 40509

You are hereby appointed  ☑ Guardian,  ☐ Limited Guardian,  ☐ Conservator of the above-named Minor.

If appointed Guardian or Conservator, your bond is fixed at $ 18,000.00 . Bond must be posted with the circuit court clerk before your appointment becomes effective.  *waive surety*

You shall perform all ORDERS and DECREES of this Court required of you, including _____
_____
_____

If appointed Guardian or Conservator, you shall file with the Court:

1.  An **Inventory** of the Minor's real estate, personal property and other financial resources. This Inventory must be filed within **sixty (60) days of appointment.** (You may use AOC Form 855).

2.  A **Supplemental Inventory** if other property comes to your knowledge. This Supplemental Inventory must be filed within **sixty (60) days of the time of obtaining such knowledge.** (You may use AOC Form 855).

3.  A **Periodic Settlement** to be filed one (1) year after appointment, and every year thereafter, unless the Minor's net estate is $5,000 or less in which case the report shall be filed every two (2) years after the original report. (You may use AOC Form 856).

4.  A **Final Settlement** upon termination of appointment. (You may use AOC Form 856).

ATTEST: VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
BY _____ DEPUTY

Date: ___ Jul ___, 2021 .   _____ Judge



Vincent Riggs, Fayette Circuit Clerk
120 N. Limestone, Room C-103
Lexington, KY 40507-1152

Case Number: 22-CI-00345

# USPS CERTIFIED MAIL



9236 0901 9403 8366 1822 26

Restricted Delivery
CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601



### KCOJ eFiling Cover Sheet

Case Number: 22-CI-00345
Envelope Number: 4301855
Package Retrieval Number: 430185528894524@00001042169
Service by: Certified Mail
Service Fee: $ 0.00
Postage Fee: $ 13.53

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. LUCY A. VANMETER (622386)

Page 1 of 1     Generated: 2/11/2022 7:28:18 AM

ackage : 000001 of 000012

