**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON**

| | |
|---|---|
| JUSTIN PARSONS, AS GUARDIAN OF, ) <br> JAYDEN PARSONS, A MINOR ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> THE LINCOLN NATIONAL LIFE ) <br> INSURANCE COMPANY, ) <br> ) <br> **Defendant.** ) | **CIVIL ACTION NO.  5:22-cv-00042-DCR** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Justin Parsons, as Guardian of Jayden Parsons, A Minor, and states as follows:

1.      Lincoln is without sufficient knowledge to either admit or deny the current residence of Jayden Parsons or Plaintiff, and accordingly, denies this and all remaining allegations contained in Paragraph 1 of the Complaint.

2.      Lincoln admits that a document titled "Order of Appointment of Guardian/Conservator for Minor" is attached as an Exhibit to Plaintiff's Complaint, and Lincoln refers to the document itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania.  Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Lincoln admits that it is licensed to engage in the business of insurance in the State of Kentucky.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.      Lincoln admits that it was properly served in this action.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Lincoln admits that the United States District Court for the Eastern District of Kentucky has jurisdiction over this action and that venue is correct in this Court.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this and all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits upon information and belief, that Kristen Combs (the "Decedent"), died on or about January 12, 2017.  Lincoln admits the Decedent was employed by Breakthrough Charter Schools ("Breakthrough") and was a participant in the Breakthrough Charter Schools Group Life Benefit Plan ("the Plan"), sponsored by Breakthrough to provide certain benefits to employees of Breakthrough.  Lincoln admits that it issued Group Life Insurance Policy Number 000010135498 (the "Policy") to Breakthrough, which Policy, at certain times, insured benefits for the Plan.  Lincoln admits that the Decedent had designated Jayden Parsons as a beneficiary of life benefits and accidental death and dismemberment (AD&D") benefits from the Plan.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits that a document titled "Order of Appointment of Guardian/Conservator for Minor" is attached as an Exhibit to Plaintiff's Complaint, and Lincoln refers to the document itself as the best evidence of its contents.  Lincoln is without sufficient

knowledge to either admit or deny the remaining allegations of the Complaint, and accordingly, denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits the Decedent was, at certain times, employed by Breakthrough and was a participant in the Plan sponsored by Breakthrough to provide certain benefits to employees of Breakthrough. Lincoln admits that it issued the Policy to Breakthrough, which Policy, at certain times, insured benefits for the Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that the allegations contained in Paragraph 10 seek to interpret the provisions of the Policy, which, at certain times, insured benefits from the Plan, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits and AD&D benefits contains a death certificate and other documentation reflecting the manner of Decedent's death, and Lincoln refers to the administrative record as the best evidence of its contents. To the extent that the allegations contained in Paragraph 11 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. To the extent that the allegations contained in Paragraph 12 seek to interpret the provisions of the Policy, which, at certain times, insured benefits from the Plan, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.     Lincoln admits it received a letter from Plaintiff's counsel dated July 12, 2021, concerning Plaintiff's claim for AD&D benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.     Lincoln admits it received a letter from Plaintiff's counsel dated August 4, 2021, concerning Plaintiff's claim for AD&D benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.     Lincoln admits it sent a letter dated August 10, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16.     Lincoln admits it sent a letter dated August 10, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.     Lincoln admits it received an appeal of the denial of Plaintiff's claim for accidental death and dismemberment benefits from the Plan under the Policy, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18.     Lincoln admits it received an appeal of the denial of Plaintiff's claim for accidental death and dismemberment benefits from the Plan under the Policy, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.     Lincoln admits it sent a letter dated February 9, 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20.     Lincoln admits it sent a letter dated February 9, 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.     To the extent that the allegations contained in Paragraph 21 seek to interpret the provisions of the Policy, which, at certain times, insured benefits from the Plan, Lincoln refers to the Policy as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.     Lincoln denies the allegations contained in Paragraph 22 of the Complaint.

23.     Lincoln denies the allegations contained in Paragraph 23 of the Complaint.

24.     Lincoln admits Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.     Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26.     Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT I

27.     Lincoln incorporates its responses contained in Paragraphs 1 through 26 as if fully stated herein.

28.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29.     Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

30.     Lincoln denies the allegations contained in Paragraph 30 of the Complaint.

31.     Lincoln admits this Court has jurisdiction over this action.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

## COUNT II

32.     Paragraph 32 of the complaint does not contain any allegations to which Lincoln must respond, but only states Plaintiff's reason for the inclusion of Count II in his Complaint.  To the extent that a response is required, Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33.     Lincoln admits the allegations contained in Paragraph 33 of the Complaint.

34.     Lincoln Life denies that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received.  Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35.     Lincoln admits the allegations contained in Paragraph 35 of the Complaint.

36.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such

relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for life benefits and AD&D benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

4. Plaintiff has failed to exhaust conditions precedent to bringing this action, specifically, Plaintiff failed to exhaust administrative remedies.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's state law claim against Lincoln is preempted by ERISA.

6. Plaintiff may not recover damages under state law in this action. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

7. Lincoln reserves the right to assert additional defenses.

**7**

## PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 8th day of March 2022.

Respectfully submitted,

By:    /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Philip G. Fairbanks
Email:  pgf@austinmehr.com

Elizabeth A. Thornsbury
Email:  elizabeth@austinmehr.com

  March 8, 2022                                              /s/ Iwana Rademaekers
       Date                                                     Iwana Rademaekers

**8**